UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

1:16-bk-14973

IN RE:

Rebecca Elaine Cunningham

CASE NO.
CHAPTER 13

CHAPTER 13 PLAN

__X__ Original     _____ Amended

Dated: November 15, 2016

**1. PAYMENTS AND TERM.**
The debtor will pay the chapter 13 trustee $ __830.00__ per __bi-weekly__ by **WAGE ORDER** and the following additional monies: _____**PLUS TAX REFUNDS LESS TAX CREDITS**_____.

**2. PRIORITY CLAIMS (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of **$3,750.00** less $0.00 previously paid by the debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. §507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.

**3. SECURED CLAIMS.**
(a) *CRAMDOWNS.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure timely amortization. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below. The failure of a secured creditor listed below to timely object to the proposed treatment for its secured claim and its unsecured claim shall be deemed an acceptance of the terms of the plan as provided for in 11 U.S.C. Section 1325(a)(5).

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| **TENNESSEE VALLEY FEDERAL CREDIT UNION** | 2013 Nissan Juke | $12,350.00 | $250.00 | 7.5% |

(b) *SURRENDER.* The debtor(s) shall surrender the following collateral in full satisfaction of the debt:

| Creditor | Collateral to be surrendered |
|---|---|
| **SPRINGLEAF FINANCIAL SERVICES** | 2006 Honda ULX |

(c) *LONG-TERM MORTGAGES AND MOBILE HOMES.* (including Doublewide or modular homes). The holders of the following claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the claim filed absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322(b)(5), will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection. Amounts claimed pursuant to notice(s) of post-petition fees and expenses shall be considered notice to the parties in interest of such plan payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor. The secured creditor must advise of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002-1. Pursuant to 11 U.S.C. §1322(b)(3), and (10) all maintenance payment shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in this plan or during this case pursuant to §1322(b)(5). Pursuant to 11 U.S.C. §1322(b)(3) any secured creditor that fails to file a claim waves any default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment by: (Trustee or Debtor) |
|---|---|---|---|---|---|
| **Wells Fargo Home Mortgage** | | | | $1,126.58 PER MONTH STARTING NOVEMBER 2016 | TRUSTEE |

(d) *DE NOVO REVIEW.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later. If no objection is filed within the time stated, the validity of the security interest and/or the perfected lien is established by confirmation and is binding on all parties.

**4. UNSECURED CREDITORS**
(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, nonpriority unsecured claims will be paid:

| | |
|---|---|
| _____ | In full |
| _____ | % |
| XX | Pro-rata **SIXTY-MONTH REMAINDER PLAN WITH GUARANTEED DIVIDEND TO UNSECURED CREDITORS OF $12,976.00** |

**5. EXECUTORY AND UNEXPIRED LEASES.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided I paragraph 4(a) above.

| Other party to Contract | Property description | Treatment by Debtor |
|---|---|---|

**6. Liens to be avoided under §§ 506 or 522 (f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**7. Agreed Order.** Not withstanding the foregoing, a plan may be modified by an Agreed Order signed by counsel for the debtor and the Trustee if the modification would not adversely affect any creditor and the Agreed Order so certifies.

**8. SPECIAL PROVISIONS.** (such as cosigned debts, debts paid by third party, student loans, special priority debts and treatment of non-bankruptcy secured debt as unsecured in the plan, child support claims.

Date:   November 9, 2016

*/s/ Eron H. Epstein*
Eron H. Epstein 007007
Attorney for Debtor(s)
713 Cherry Street
Chattanooga, TN 37402
(423) 267-1512 – Phone
(423) 267-0809 – Fax

Date:   November 9, 2016

*/s/ Rebecca E. Cunningham*
Rebecca Elaine Cunningham